## Emery Birks v. S. M. Lutz.

1. VERDICTS—*On Conflicting Evidence.*—The verdict of a jury upon conflicting evidence is conclusive as to questions of fact.

Assumpsit, on promissory notes. Appeal from the County Court of Macon County; the Hon. WILLIAM L. HAMMER, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

D. D. HILL and W. N. ANDREWS, attorneys for appellant.

MILLS BROTHERS, attorneys for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

Appellee, on the 10th day of April, 1895, sold to appellant and his wife a piano, taking in payment therefor the three notes sued on in this case. At the time of said sale appellant was a minor under the age of twenty-one years. He attained his legal majority on July 20, 1896. When sued on these notes appellant defended on the ground of his being a minor when he gave the notes; appellee insisted he had ratified the sale of the piano after he became of age,

and promised to pay for it.   Appellant denies he had rati-
fied the sale of the piano after he became of age, or that he
had promised to pay for it after he became of age.

There was a conflict in the evidence at the trial on the
question of ratification and promise after appellant became
of age.

The jury and the trial judge believed, from the evidence,
that there had been a ratification and promise to pay by
appellant after he became of age, and as they saw and heard
the witnesses, were in a better position to determine the
weight that ought to be given the evidence of each witness,
therefore we think we ought not to disturb their finding on
these questions of fact.   Appellant. insists that the trial
court erred in its rulings on the evidence and the instruc-
tions.   We have fully considered such rulings and instructions
as appellant has complained of, and are constrained to hold
that the trial court committed no reversible error in its
rulings on either.   A careful consideration of this case
compels us to conclude that the judgment rendered is on
the right side and might have been for a larger sum with-
out giving appellant any just ground to complain.   We
therefore affirm it.